# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-301V
### UNPUBLISHED

| | |
|---|---|
| KRISTEN MOORBY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 19, 2019<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Hepatitis A<br>(Hep A) Vaccine; Vasovagal<br>Syncope |

*Phyllis Widman*, Jacobs & Barbone, Atlantic City, NJ, for petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On February 28, 2018, Kristen Moorby filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a syncopal episode upon receiving tetanus-diphtheria-acellular pertussis ("Tdap"), Hepatitis A, and Typhoid vaccinations on June 3, 2016, which resulted in injuries, including "abrasions on her face, on her right knee, bruising on her left knee, and a scratch on her left shoulder." Petition at 2. Petitioner also allegedly suffered a concussion and debilitating headaches. *Id.* at 2-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 19, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Vasovagal Syncope. On November 15, 2019, Respondent

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

filed a combined Rule 4 report/proffer on award of compensation ("Rule 4/Proffer") indicating petitioner should be awarded $119,539.55, comprised of $100,000.00 for pain and suffering, $12,505.16 for past lost earnings, and $7,034.39 for unreimbursable expenses. Rule 4/Proffer at 5.  In the Rule 4/Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner a lump sum payment of $119,539.55 (comprising of $100,000.00 for pain and suffering, $12,505.16 for past lost earnings, and $7,034.39 for unreimbursable expenses), in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.