# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0301V
(not to be published)

| | |
|---|---|
| KRISTEN MOORBY,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Post-Judgment Relief; Non-Admitted Counsel; Fees Related to Prior Civil Action; Fees for General Research |

*Phyllis Widman, Jacobs & Barbone, Atlantic City, NJ*, for Petitioner.

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 28, 2018, Kristen Moorby filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). She alleged that she suffered a syncopal episode upon receiving tetanus-diphtheria-acellular pertussis, Hepatitis A, and Typhoid vaccinations on June 3, 2016, which resulted in injuries, including "abrasions on her face, on her right knee, bruising on

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

her left knee, and a scratch on her left shoulder." Petition at 2. On November 19, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 39. On February 4, 2020, I awarded Petitioner $31,890.52 in attorney's fees and costs. Fee Decision, ECF No. 49.

On June 15, 2020, Petitioner filed a motion for post-judgment relief seeking the additional amount of $8,175.00, representing attorney's fees for work performed by the first lawyer she retained, David K. Cuneo, Esq., from the Law Office of Cuneo & Leonetti ("Cuneo & Leonetti"). Motion for Post-Judgment Relief ("Motion"), ECF No. 53. For the reasons stated below, I hereby grant Petitioner's motion in part, awarding the additional amount of $3,900.00 for the work performed by Mr. Cuneo.

### I.     Relevant Procedural History

Petitioner filed a motion for a final award of attorney's fees and costs on December 18, 2019. ECF No. 43. In it, Petitioner requested $696.95 in costs incurred by Cuneo & Leonetti, the firm she initially retained to pursue a civil action against the vaccine administrator. List of Costs, labeled as Exhibit C, ECF No. 43-3. On January 21, 2020, Petitioner was asked to provide documentary substantiation for some of the requested costs. On January 27, 2020, Petitioner filed an amended list requesting reimbursement for $418.45 of these costs and providing required receipts. Amended List of Costs, filed as Amended Exhibit C, ECF No. 48-1.

I thereafter granted Petitioner's motion, awarding in full the attorneys' fees and costs requested, including the amended request for $418.45, representing costs incurred by Cuneo & Leonetti. ECF No. 49. Judgment entered on February 5, 2020. ECF No. 51.

### II.    Petitioner's Motion for Post-Judgment Relief

On June 15, 2020, Petitioner file a motion for post-judgment relief pursuant to Vaccine Rule 36 and Rule 60(b) of the Rules of the United State Court of Federal Claims ("RCFC"). Motion at 1. Characterizing the existence of prior counsel as a "unique situation for Petitioner's counsel, Phyllis Widman," Petitioner represents that certain fees otherwise recoverable under the Act were omitted from the prior fees request, and that I should award them post-judgement. *Id.* On June 30, 2020, Respondent filed a response indicating he "defers to the Court" to make this determination. ECF No. 54.

2

### A.     Legal Standard

Vaccine Rule 36(a) allows a party to file a motion for reconsideration pursuant to RCFC 59, or to seek relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion will be referred to the same judge. Vaccine Rule 36(a)(1). Otherwise, the motion will be referred to the special master assigned to the case. Vaccine Rule 36(a)(2).[3]

RCFC 59 and 60 are identical to Rules 59 and 60 of the Federal Rules of Civil Procedure, making case law interpreting the similar rules equally relevant. In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y, HHS*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y, HHS*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

Pursuant to RCFC 60(a), a court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record" at any time. Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post-judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I have previously discussed the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Human Servs.,* No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

### B.     Analysis

Petitioner indicates she is seeking post-judgment relief pursuant to RCFC 60(b) but does not specify the exact subsection she believes is applicable to her case. Motion at 1. However, she explains that attorney's fees were not requested for work performed by Mr. Cuneo due to a simple oversight. *Id.* Thus, the reason stated in RCFC 60(b)(1) is arguably applicable to Petitioner's case. I find, however, that the circumstances in this case are similar to those in *Williamsen.* 2014 WL 1388894, at *1. There, I determined that RCFC 60(a) is more applicable where (as here) the failure to include a specific cost or fees element was merely attributable to a minor omission, and where the rectification of

---

[3] This sharing of authority over judgments between judge and special master was determined to be appropriate since the Vaccine Rule 36 procedure allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

that error would not result in a significant or substantive revision to the prior judgment. *Id.* at *1-2.

Petitioner's motion is therefore granted pursuant to RCFC 60(a). I find Petitioner is entitled to an additional award of attorney's fees for performed by Mr. Cuneo - but only for the amounts billed which are appropriate under the Vaccine Act.

### III.     Appropriate Amount of Fees Awarded

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348.

In her motion for post-judgment relief, Petitioner seeks an additional $8,175.00 in attorney's fees. Billing Records, labeled Exhibit E, filed as an attachment to Motion, at 2 ECF No. 53-1. This total is based upon 21.8 hours of time billed at a rate of $375.00 per hour. *Id.* at 1-2.

4

### A.      Appropriate Hourly Rate

According to his law firm's website, Mr. Cuneo has been barred in the States of New Jersey and Pennsylvania since 1984.[4] Thus, he has more than 30 years of experience as an attorney but no experience in the Vaccine Program. Nevertheless, given his overall level of experience as an attorney, I find the attorney hourly rate requested by Petitioner, $375.00, to be reasonable.[5]

However, Mr. Cuneo is not admitted to practice before the United States Court of Federal Claims ("CFC"). Under such circumstances, the Vaccine Program compensated non-admitted counsel only at paralegal/clerical rates. *See,* e.g., *Razka v. Sec'y of Health & Human Servs.*, No. 14-1224V, 2017 WL 3165479, at *2-3 (Fed. Cl. Spec. Mstr. June 30, 2017); *Mackey v. Sec'y of Health & Human Servs.*, No. 16-1289V, 2018 WL 3596801, at *5-6 (Fed. Cl. Spec. Mstr. May 10, 2018); *Schmidt v. Sec'y of Health & Human Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). At most, I have awarded regular attorney hourly rates to non-barred counsel for work performed *before* the vaccine petition was filed, but at non-attorney rates thereafter. *Pearson v. Sec'y of Health & Human Servs.*, No. 14-0489V, 2019 WL 7167552, at *4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Avila v. Sec'y of Health & Human Servs.*, No. 14-605V, 2016 WL 6995372, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016).

I will award attorney's fees for work performed by Mr. Cuneo at the attorney hourly rate requested, $375.00, for work performed up to the February 2018 date of the Petition's filing.[6] As it turns out, Petitioner has not requested fees for work performed by Mr. Cuneo after the Petition was filed, and he spent no other time on the matter in early 2018.

### B.      Appropriate Hours

Petitioner requests attorney's fees based upon 81.2 hours of time expended by Mr. Cuneo. However, a review of the billing records submitted shows much of this time was expended on work for which attorney's fees are not paid under the Act.

---

[4] *See* https://www.cuneolawoffice.com/attorney/david-k-cuneo (last visited Aug. 19, 2020).

[5] *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2015 – 2016 at www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on Aug. 21, 2020); Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 at www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited on Aug. 21, 2020).

[6] *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 at www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited on Aug. 21, 2020).

### i.  Civil Action

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). But "research conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6.

The following entries are for work performed by Mr. Cuneo which is related to Petitioner's civil action again Rite Aid Pharmacy:

2016: 6/8, 6/13, 6/16 (2nd entry), 6/29, 9/15 (.5 hours)[7]
2017: 2/14, 3/3 (2nd entry), 3/15, 4/24, 4/26, 4/27, 5/4, 6/10, 9/28, 10/15 (.5 hours).[8]

Exhibit E at 1-2. Because this time is not properly charged to the Vaccine Program, it will be deducted from the hours billed before attorney's fees are calculated.

### ii.  Research

"[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

The billing records reveal that on March 3, 2016, Mr. Cuneo expended 2.0 hours reviewing research regarding the Vaccine Program and engaging in discussions with Petitioner and "Vaccine Counsel."[9] Exhibit E at 1. I will award attorney's fees only for the time spent in discussion. One hour of this time will be subtracted before attorney's fees are calculated.

---

[7] Only one of the three tasks listed for this entry appears to be related to the civil action. Thus, I will not award attorney's fees for one-third of this time, 0.5 hours out of the total 1.5 hours billed. Exhibit E at 1.

[8] This entry includes time expending reviewing a Notice for Summary Judgment, presumedly for Petitioner's civil action. I will award attorney's fees for most of this time but will subtract 0.5 hours of the total 3.0 hours billed. Exhibit E at 2.

[9] Presumedly, this entry refers to Ms. Widman but she did not bill for this time. *See* Exhibit A.

### C. Calculations

Accounting for the reductions discussed above, I will award attorney's fees for the following work performed by Mr. Cuneo:

**Attorneys' Fees:**

| Billing Record Entry | Hours Sought | Hours Paid | Rate Sought | Rate Paid | Amount Paid |
|---|---|---|---|---|---|
| 6/7/16 | 2.0 | 2.0 | $375 | $375 | $750.00 |
| 6/16/16 | 0.2 | 0.2 | $375 | $375 | $75.00 |
| 9/15/16 | 1.5 | 1.0 | $375 | $375 | $375.00 |
| 9/29/16 | 1.0 | 1.0 | $375 | $375 | $375.00 |
| 9/29/16 | 1.2 | 1.2 | $375 | $375 | $450.00 |
| 3/3/17 | 2.0 | 1.0 | $375 | $375 | $375.00 |
| 5/3/17 | 0.5 | 0.5 | $375 | $375 | $187.50 |
| 10/15/17 | 3.0 | 2.5 | $375 | $375 | $937.50 |
| 11/29/17 | 1.0 | 1.0 | $375 | $375 | $375.00 |
| **Total for Fees** | | | | | **$3,900.00** |

### IV. Conclusion

Accordingly, Petitioner is awarded an additional $3,900.00 in attorney's fees to pay for the work performed by Mr. Cuneo.

**Petitioner is awarded a lump sum of $3,900.00 in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, David K. Cuneo of The Law Office of Cuneo & Leonetti.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[10]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.